ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

J. Michael Sauer
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Stephen R. Carter
Attorney General of Indiana

Gary Damon Secrest
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

### No. 17S03-0510-CR-487

DAVID WEISS,

*Appellant (Plaintiff below),*

v.

STATE OF INDIANA

*Appellee (Defendant below).*

Appeal from the DeKalb Superior Court, No. 17D01-0309-FA-2
The Honorable Kevin P. Wallace, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 17A03-0501-CR-32

**June 14, 2006**

**Rucker, Justice.**

David Weiss seeks transfer from a decision of the Court of Appeals affirming his sentences for drug related offenses. More specifically, Weiss was charged with two counts of dealing in methamphetamine of more than three grams, a Class A felony, one count of unlawful possession of a firearm by a serious violent felon, a Class B felony, one count of maintaining a common nuisance, a Class D felony, and of being a habitual offender. In exchange for his plea of guilty to a reduced charge of dealing in methamphetamine as a Class B felony, unlawful possession of a firearm by a serious violent felon, and of being a habitual offender, the State dismissed the remaining charges and agreed to refrain from filing three additional charges of dealing in methamphetamine. The plea agreement provided in pertinent part that "the B Felony sentences shall be served concurrently, and executed time is capped at 40 years." Appellant's App. at 173. At the sentencing hearing the trial court sentenced Weiss to twenty years for the dealing offense, which was enhanced by twenty years for the habitual offender adjudication. The trial court also sentenced Weiss to twenty years for the firearm possession charge to be served concurrently with the other sentences imposed for a total executed term of forty years.

On review Weiss raised a single issue: whether his sentence was inappropriate in light of the nature of the offense and the character of the offender. See Ind. Appellate Rule 7(B). The Court of Appeals affirmed the judgment of the trial court but declined to evaluate the merits of Weiss' claim. Citing Gist v. State, 804 N.E.2d 1204 (Ind. Ct. App. 2004), trans. not sought, and other recent Court of Appeals opinions, in an unpublished memorandum decision the court held, "[I]f a defendant signs a plea agreement in which he agrees to a specific term of years, or to a sentencing range other than the range authorized by statute, he will not be able to claim thereafter that a sentence imposed consistent with the agreement is inappropriate." Weiss v. State, No. 17A03-0501-CR-32, slip op. at 4 (Ind. Ct. App. Aug. 16, 2005). The underlying rationale for the court's holding is that by entering into such agreements the defendant either acquiesced in or implicitly agreed to the sentence imposed. In an opinion handed down today we disagreed with this proposition and held instead that Indiana Appellate Rule 7(B)

> articulates a standard of review designed as guidance for appellate courts. . . . Of course a defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review. But to say that a defendant has acquiesced in his or her sentence or has implicitly agreed that the sentence is

2

> appropriate undermines in our view the scope of authority set forth in Article VII, Section 4 of the Indiana Constitution. We thus disapprove of language in Gist, Mann, and their progeny providing otherwise.

Childress v. State, No. 61S01-0510-CR-484, ___N.E.2d___, ___, slip op. at 9 (Ind. June 14, 2006). Accordingly, we proceed to address Weiss' inappropriateness claim.

Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Regarding the nature of the offense, the presumptive sentence[1] is the starting point the Legislature has selected as an appropriate sentence for the crime committed. Ruiz v. State, 818 N.E.2d 927, 929 (Ind. 2004); Lander v. State, 762 N.E.2d 1208, 1214-15 (Ind. 2002). The presumptive sentence (or now advisory sentence) for a Class B felony is ten years. See Ind. Code § 35-50-2-5. Here the trial court enhanced both presumptive terms by an additional ten years—the maximum authorized by statute. Id. Also, the trial court further enhanced one of the Class B felony offenses by an additional twenty years for the habitual offender adjudication.[2]

Arguing that the nature of the offenses warrants no more than the presumptive sentences of ten years, Weiss contends, "[t]here was nothing about the manner in which these offenses were committed that would call for a greater sentence. Weiss sold some methamphetamine to an old friend who had come to him asking for the drug, not knowing that his friend was a confidential informant being paid $100 each time he made a purchase for the police." Br. of Appellant at 6. Weiss greatly understates the nature of his drug dealing activities. A search of

---

[1] Subsequent to the date Weiss was sentenced the Legislature amended Indiana's sentencing statutes to provide for "advisory sentences" rather than "presumptive sentences." See Pub. L. No. 71-2005, § 5 (codified at I.C. § 35-50-2-1.3 (2005)). In addition, the amendments permit a trial court to impose any sentence that is authorized by statute and permissible under the Indiana Constitution "regardless of the presence or absence of aggravating circumstances or mitigating circumstances." Pub. L. No. 71-2005, § 3 (codified at I.C. § 35-38-1-7.1(d) (2005)).

[2] The court is required to sentence a person found to be a habitual offender to an additional fixed term that is not less than the presumptive sentence for the underlying offense nor more than three times the presumptive sentence for the underlying offense. See I.C. § 35-50-2-8(h). Thus for the habitual offender adjudication Weiss was eligible for a sentence ranging from ten to thirty years.

3

Weiss' home, which apparently was secured by motion sensors and audio and video surveillance equipment, Appellant's App. at 129, revealed over thirteen grams of amphetamine and over fourteen grams of methamphetamine. Appellant's App. at 97. And as a part of the plea agreement the State refrained from filing three additional charges against Weiss arising out of his sale of drugs occurring within weeks of the day on which Weiss was arrested. Appellant's App. at 173. In essence the record shows that Weiss was involved in a large-scale drug operation that consisted of more than simply selling methamphetamine to an old friend.

As for the character of the offender, Weiss has an extensive criminal history, most of which is drug related. In 1982, at the age of twenty-four, Weiss pleaded guilty in the State of Nevada to the sale of a controlled substance (LSD) and carrying a concealed weapon. Appellant's App. at 69. Several months later he was again charged with the sale of LSD for a separate transaction but charges were dismissed pursuant to a plea agreement. Id. at 69-70. In March 1988 Weiss pleaded guilty in the State of Arizona to possession of dangerous drugs (methamphetamine). Id. at 70. In August 1991, Weiss pleaded guilty in the State of Nevada to possession of a controlled substance (methamphetamine) with intent to sell. And eight months later Weiss was convicted in the same state for another offense of possession of a controlled substance (methamphetamine) with intent to sell. Id. Weiss was released from parole for that offense in January 2002. Less than two years later, on September 8, 2003, Weiss was arrested for the offenses giving rise to this action. Id. at 70-71. Further, while on bond in this case, Weiss was arrested and charged in Allen County with dealing in methamphetamine. Id. at 71.[3] The record makes clear that Weiss is a serial criminal whose primary interest is financial gain through the sale of drugs. His repeated contacts with the criminal justice system have had no impact on persuading him to reform. We conclude that Weiss' forty-year sentence is not inappropriate. See Vazquez v. State, 839 N.E.2d 1229, 1235 (Ind. Ct. App. 2005) (rejecting inappropriateness claim and affirming defendant's fifty-year sentence for conspiracy to commit dealing in cocaine because of defendant's large-scale drug operation and frequent contacts with the criminal justice system); Kendall v. State, 825 N.E.2d 439, 452-53 (Ind. Ct. App. 2005) (rejecting inappropriateness claim and affirming defendant's forty-year sentence for dealing in

---

[3] The disposition of this offense is not clear from the record. However at the sentencing hearing, counsel for Weiss noted that a plea agreement was contemplated under which Weiss would receive a ten-year sentence. Tr. at 14.

cocaine because of large amount of drugs recovered from defendant's residence and defendant's lengthy criminal record).

We affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.