**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RANDY M. FISHER**
Leonard Hammond Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BENJAMIN S. McMILLEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1402-CR-57 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D06-1306-FB-105 & 02D06-1203-FB-47

**November 18, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

In this consolidated appeal, Appellant-Defendant, Benjamin S. McMillen (McMillen), challenges his aggregate eighteen-year sentence following the reinstatement of his suspended sentence under Cause #047 and his conviction under Cause #105.

We affirm.

## ISSUES

McMillen raises two issues on appeal, which we restate as follows:

(1) Whether the trial court abused its discretion in sentencing McMillen; and

(2) Whether McMillen's sentence is inappropriate in light of the nature of the offense and character of the offender.

## FACTS AND PROCEDURAL HISTORY

On December 5, 2011, and again on December 12, 2011, police officers on the Allen County Drug Task Force, utilizing a confidential informant, arranged to purchase narcotics from McMillen. On the first occasion, McMillen sold the confidential informant 0.4 grams of oxycodone and fentanyl; on the second occasion, McMillen sold the confidential informant twelve Lortab (hydrocodone) pills. On March 9, 2012, the State filed an Information under Cause #047, charging McMillen with Count I, dealing in a Schedule II controlled substance, a Class B felony, Ind. Code § 35-48-4-2(a)(1)(C); and Count II, dealing in a Schedule II and/or III controlled substance, a Class B felony, I.C. 35-48-4-2(a)(1)(C). On July 2, 2012, pursuant to a plea agreement, McMillen pled guilty to Count I as a Class B felony, and the State dismissed Count II. On July 30, 2012, the trial court

imposed a ten-year sentence, with two years executed in the Allen County Community Corrections Home Detention Program and eight years suspended. The trial court ordered that McMillen spend four years of his suspended sentence on probation.

Thereafter, McMillen enrolled as a full-time student at Ivy Tech Community College and secured full-time employment. He also sought treatment for his substance abuse and passed all of his drug screens. On March 16, 2013, having successfully completed his home detention program, McMillen began his probationary period.

Within a few weeks of his release from home detention, McMillen relapsed in his substance abuse and was using heroin on a daily basis. Three months into his probation, on the morning of June 2, 2013, Fort Wayne police officers were dispatched on a residential break-in after a witness observed McMillen entering her neighbor's house through the garage. After verifying with the homeowners that McMillen's entry was unauthorized, police officers entered and apprehended him. The officers inspected the premises and discovered a stockpile of the homeowners' possessions, which included collectible gold coins, a ring, and gold chains, on the floor of a bedroom closet. During his police interview, McMillen explained that he had accessed the house with the homeowners' garage door opener, which an acquaintance had stolen a few days earlier. McMillen also admitted that he intended to steal the items found piled in the closet in order to purchase heroin.

On June 6, 2013, the State filed an Information under Cause #105, charging McMillen with Count I, burglary, a Class B felony, I.C. § 35-43-2-1(1); and Count II, receiving stolen property, a Class D felony, I.C. § 35-43-4-2(b). On June 10, 2013, the Allen County Probation Department filed a petition under Cause #047 to revoke

McMillen's probation. On December 31, 2013, McMillen admitted to the probation violation and also pled guilty to both Counts charged in Cause #105 without the benefit of a plea agreement.

On January 29, 2014, the trial court conducted a joint hearing on the matters of McMillen's probation revocation and his sentencing. In Cause #047, the trial court revoked McMillen's probation and reinstated his entire suspended sentence, ordering that he serve eight years in the Indiana Department of Correction (DOC). In Cause #105, the trial court sentenced McMillen to twelve years, with ten years executed in the DOC and two years suspended to probation, for Count I, a Class B felony burglary; and two years, served concurrently, for Count II, a Class D felony receiving stolen property. The trial court ordered that McMillen serve his sentence under Cause #105 consecutive to his sentence under Cause #047, for an aggregate, executed sentence of eighteen years.

On February 13, 2014, McMillen filed a separate Notice of Appeal in both Cause #047 and Cause #105. On March 31, 2014, McMillen filed a motion to consolidate the matters for appeal, which our court granted on April 11, 2014. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Abuse of Sentencing Discretion*

McMillen claims that the trial court abused its sentencing discretion by failing to identify a number of mitigating circumstances. Sentencing decisions are a matter reserved to the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*. A trial court may impose any sentence authorized by statute, and

4

so long as a sentence falls within the statutory range, it may only be reviewed for an abuse of discretion. *Id.* Our court will find an abuse of discretion only where a decision is contrary to "the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.*

In making a sentencing determination, the trial court may consider whether there are any aggravating or mitigating circumstances to merit a sentence enhancement or reduction. I.C. § 35-38-1-7.1(a)-(b). If the trial court finds the existence of any aggravators or mitigators, it "must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating." *Anglemyer*, 868 N.E.2d at 490. However, a trial court has no obligation to weigh aggravating and mitigating factors. *Id.* at 491.

It is undisputed that the trial court's imposition of twelve-year and two-year sentences, running concurrently, falls within the statutorily permissible ranges for Class B and Class D felonies, respectively. *See* I.C. §§ 35-50-2-5; -7. During the sentencing hearing, the trial court accepted several of McMillen's proffered mitigating circumstances, including that McMillen had "accepted responsibility for [his] behavior" by pleading guilty, as well as that he had extended "a genuine apology" to the victims and expressed remorse for his actions. (Transcript p. 19). On appeal, McMillen contends that the trial court abused its discretion by failing to also consider his educational background, his employment history, his family support system, and his longstanding struggle with substance abuse as circumstances warranting sentence mitigation.

In order to establish that the trial court abused its discretion by failing to identify a proper mitigating circumstance, the defendant must demonstrate "that the mitigating evidence is both significant and clearly supported by the record." *Rogers v. State*, 958 N.E.2d 4, 9 (Ind. Ct. App. 2011). If a mitigating circumstance is clearly supported by the record, it may imply that the trial court improperly overlooked it; however, the trial court is under no obligation "to explain why it has chosen not to find mitigating circumstances." *Id.* (quoting *Anglemyer*, 868 N.E.2d at 493). It is well settled that a trial court is not required to accept a defendant's arguments as to what constitutes a mitigating circumstance. *Id.*

We agree with McMillen that the record demonstrates that he has completed one year of college and wants to complete his degree; that he maintained employment in several capacities up until his present incarceration; that he has loving and caring family members, who have repeatedly implored the court for leniency and offered to supervise and support his rehabilitation; that he has struggled with a heroin addiction for nearly a decade; and that his criminal record stems from his prolific substance abuse problem. Nevertheless, we cannot say that the trial court abused its discretion by failing to consider these factors. To the contrary, the trial court explicitly considered and subsequently declined to find McMillen's education and employment histories as mitigating circumstances because such attributes are "expected of adults in our society." (Tr. p. 19). Additionally, the trial court noted that the devotion and support of McMillen's family, while "laudable[,]" was not significant as a mitigating factor. (Tr. p. 19). Finally, the trial court also expressly determined that McMillen's drug use did not favor mitigation, stating,

6

> Your substance abuse, I note that your criminal record apparently is related to your substance abuse. I refuse to find that as a mitigating circumstance. You've had multiple opportunities at treatment, and in fact were clean and sober for a pretty significant period of time before you went back to drugs.

(Tr. pp. 19-20). Thus, it is clear that the trial court did consider each of the factors submitted by McMillen but ultimately made the specific choice not to construe them as mitigating circumstances. *See Rogers*, 958 N.E.2d at 9.

Moreover, it is well established that the identification of even a single valid aggravator is sufficient to sustain an enhanced sentence. *Coy v. State*, 999 N.E.2d 937, 947 (Ind. Ct. App. 2013). Here, the trial court specifically identified two aggravating factors in support of its sentencing determination: McMillen's criminal history and the fact that he committed the offenses in Cause #105 while on probation in Cause #047. *See* I.C. § 35-38-1-7.1(a)(2),(6). Along with the three felony convictions stemming from Cause #047 and Cause #105, McMillen's criminal record includes an informal adjustment for possession of marijuana as a juvenile and a misdemeanor conviction for possession of marijuana in 2010. For the misdemeanor conviction, McMillen received a one-year suspended sentence, but when McMillen failed to comply with the terms thereof, the trial court ordered his incarceration for sixty days in the Allen County Jail. Accordingly, because the trial court properly identified at least one valid aggravating circumstance, we find no abuse of discretion in its decision to accord more weight to the aggravating factors than to the mitigating factors.

II. *Inappropriate Sentence*

7

Even where a trial court has not abused its discretion in imposing a sentence authorized by statute, our court may nevertheless revise any sentence if we determine that it "is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). In reviewing the appropriateness of a sentence, we focus on the length of the aggregate sentence and how it is to be served. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition, whether we regard a sentence as inappropriate will hinge "on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* Thus, we may look to any factors in the record. *Spitler v. State*, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009), *trans. denied.* McMillen bears the burden of persuading our court that his sentence is inappropriate. *Rogers*, 958 N.E.2d at 10.

Regarding the nature of his offense, we find that McMillen was on probation for dealing in a controlled substance, a Class B felony, at the time he committed burglary, also a Class B felony, and receiving stolen property, a Class D felony. McMillen claims that he intended to steal only as a means of buying heroin; yet the evidence of his steady employment indicates that McMillen had a regular source of income but nevertheless chose to commit serious felonies in order to finance his drug addiction. In addition, in light of the fact that his acquaintance had stolen the homeowners' garage door opener several days beforehand, it is evident that McMillen targeted his victims, planned his burglary, and monitored the homeowners' whereabouts until presented with a window of opportunity to access their house. In our view, this conduct exceeds that of an addict who is simply

desperate to get his hands on some immediate drug money. *See Weiss v. State*, 848 N.E.2d 1070, 1072 (Ind. 2006).

As to the character of the offender, we find it clear from the record that McMillen is not a malicious criminal. His early experimentation with drugs has forged a life of self-destruction for which he needs treatment. Although McMillen has a significant history of drug-related offenses, he has never injured another person or damaged any property in the course of his crimes, and he appears to be genuinely remorseful for the harm he has inflicted upon the victims of his burglary, as well as for the devastation that his substance abuse has caused his family. That said, we note that McMillen's crimes have consistently escalated in severity, with the present offenses involving victims. Furthermore, McMillen's prior lenient sentences have not been sufficient to deter him from criminal activity, and his lack of accountability has thwarted any progress achieved in his prior rehabilitation opportunities. *See Rich v. State*, 890 N.E.2d 44, 54-55 (Ind. Ct. App. 2008), *trans. denied*. Despite McMillen's success in his home detention program, including his eight-months of sobriety, he returned to his former drug habits within three months of his release to probation. Unless he is held accountable, McMillen has no incentive to make real changes in his life.

Considering the evidence of McMillen's family, education, and criminal history, it is apparent that his substance abuse changed the trajectory of his life. However, a drug addiction is not an excuse for criminal behavior, and McMillen must endure the consequences of his own making. Hopefully, the structured environment and programs afforded by the DOC will serve to aid McMillen in combatting his addiction so that he may

9

be a productive citizen upon his release. Accordingly, taking into account the fact that, effectively, McMillen must execute only the advisory term for each of his two Class B felonies (less the two years already served on home detention), we decline to find that his aggregate eighteen-year sentence is inappropriate.

CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion in sentencing McMillen, and McMillen's sentence is not inappropriate in light of the nature of his offense and character.

Affirmed.

MATHIAS, J. and CRONE, J. concur