# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 04 2017, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew B. Arnett
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Cristina D. Pace
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

James A. McNabb,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 4, 2017

Court of Appeals Case No.
73A01-1609-CR-2249

Appeal from the Shelby Circuit Court

The Honorable Charles D. O'Connor, Judge

Trial Court Cause No. 73C01-1505-F6-144

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, James McNabb (McNabb), appeals his sentence following a guilty plea to domestic battery, a Level 6 felony, Ind. Code § 35-42-2-1.3(a); and battery on a child less than fourteen years of age, a Level 5 felony, I.C. § 35-42-2-1(b) .

We affirm.

# ISSUE

McNabb raises one issue for our review, which we restate as: Whether McNabb's sentence is appropriate in light of the nature of the offenses and his character.

# FACTS AND PROCEDURAL HISTORY

In May of 2015, McNabb was living with his girlfriend, Christy Parrish (Parrish), and Parrish's five-year-old daughter, L.B. On May 13, 2015, McNabb and Parrish got into an argument. McNabb struck and kicked Parrish several times. As a result, Parrish incurred pain and swelling to her knee, abrasions to her leg, a bruise on her left arm, and a busted lip. When L.B. walked into the room, she saw McNabb assault her mother. She started crying and ran out of the house to notify the neighbor. McNabb ran after L.B. He grabbed L.B., picked her up, brought her back into the house, and locked the door, preventing her from leaving again.

[5]     On May 18, 2015, the State charged McNabb with domestic battery and strangulation, both Level 6 felonies. On April 8, 2016, the State amended the Information by adding criminal confinement, a Level 5 felony. On May 19, 2016, McNabb pled guilty, pursuant to a written plea agreement, to Level 5 felony criminal confinement and Level 6 felony domestic battery, with the strangulation charge being dismissed. The plea agreement capped his sentence to a maximum executed sentence of two-and-one-half years, with sentences to run concurrently. A sentencing hearing was held on September 1, 2016. Because a guilty plea to a Level 5 criminal confinement would require McNabb to register as a sex and violent offender for life due to the young age of the victim, the parties agreed that the State would dismiss Level 5 criminal confinement and allow McNabb to plead guilty to Level 5 battery on a child less than fourteen years of age. Accordingly, McNabb's guilty plea for Level 5 criminal confinement was vacated, and he pled guilty, pursuant to an amended written plea agreement, to Level 5 felony battery on a child less than fourteen years of age. This amended plea agreement also capped McNabb's maximum executed sentence to two-and-one-half years for domestic battery and to five years, with two-and-one half years suspended to probation for battery on a child less than fourteen years of age, with sentences to run concurrently.

[6]     McNabb now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

McNabb contends that his sentence is inappropriate in light of the nature of the offense and his character.[1]  Initially, we note that McNabb agreed to "waive[] any right to appellate review of his/her sentence" when executing his plea agreement.  (Appellant's App. Vol. II, pp. 35-36).  In *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008), our supreme court recognized that "a defendant may waive the right to appellate review of his sentence as part of a written plea agreement."  Nevertheless, at the sentencing hearing, the trial court advised McNabb that he had a right to appeal his sentence because it was an open sentence.  Neither the State nor McNabb's counsel objected.  After rendering its sentence, the trial court again informed McNabb of his right to appeal, without objection by either party.  In *Ricci v. State*, 894 N.E. 2d 1089, 1093-94 (Ind. Ct. App. 2008), *trans. denied*, we found that when a trial court advises the defendant at the plea hearing of his right to appeal his sentence and the parties do not correct the trial court, then this court cannot conclude that the defendant waived his right to appeal his sentence.  Therefore, we will address McNabb's argument on its merits.

Although a trial court may have acted within its lawful discretion in imposing a sentence, Indiana Appellate Rule 7(B) provides that an appellate court "may

---

[1] To the extent McNabb challenges the trial court's weighing of the cited aggravating and mitigating circumstances, we note that "a trial court can not now be said to have abused its discretion in failing to properly weigh such factors."  *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether this court regards a sentence as appropriate at the end of the day turns on its sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other facts that come to light in a given case. *Suprenant v. State*, 925 N.E.2d 1280, 1284 (Ind. Ct. App. 2010), *trans. denied*.

[9] We recognize that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence of the crime committed." *Weiss v. State*, 848 N.E.2d 1070, 1072 (Ind. 2006). Pursuant to the statute, a person convicted for a Level 5 felony, shall be imprisoned for a fixed term of between one and six years, with the advisory sentence being three years. I.C. § 35-50-2-6. A person who commits a Level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half, with the advisory sentence being one year. I.C. § 35-50-2-7. Here, McNabb received an aggregate sentence of five years with two-and-one-half years suspended to probation. As pointed out by the State, "[g]iven that the potential sentence for his Level 5 and Level 6 convictions in the absence of the agreement was eight and one-half years," McNabb did not receive the maximum allowable sentence. (Appellee's Br. p. 9).

As to the nature of the offenses, we note that McNabb beat his girlfriend in the presence of the girlfriend's five-year-old daughter. When the child ran out of the house in an attempt to alert a neighbor, McNabb turned on the little girl. He ran after her and forcibly brought her back inside the residence and locked the doors.

When considering the character of the offender, one relevant consideration is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). At thirty-six years of age, McNabb has amassed a relevant criminal history. He has six misdemeanor convictions, including four convictions for battery and two convictions for possession of marijuana, and six felony convictions, including two convictions for dealing marijuana and one conviction for maintaining a common nuisance. McNabb was placed on probation twice and both times the probation was revoked. Even when he was incarcerated for the instant offense, McNabb committed a battery against another inmate because he "lost [his] cool." (Tr. p. 41). It is clear that his repeated contacts with the criminal justice system have had no impact on persuading him to reform.

During the sentencing hearing, McNabb admitted to abusing drugs. Parrish testified that after she bonded McNabb out for the instant offense, it only took McNabb two months to start using methamphetamines again. She testified that she has "been with this man for five years and every time, it's the same thing. He's had good jobs, lost them because of meth. Every time I got beat up it was

because he was on meth." (Tr. p. 46). "He's done numerous things to try to get sober," all to no avail. (Tr. p. 46).

[13] Accordingly, we conclude that McNabb has failed to carry his burden to establish that his sentence is inappropriate in light of the nature of the offense and McNabb's character.

# CONCLUSION

[14] Based on the foregoing, we conclude that McNabb's sentence in not inappropriate in light of the nature of the offense and his character.

[15] Affirmed.

[16] Najam, J. and Barnes, J. concur