## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2017, 10:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stephen Clayton Rainey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 31, 2017

Court of Appeals Case No.
82A01-1612-CR-2857

Appeal from the Vanderburgh
Superior Court

The Honorable Robert J. Pigman,
Judge

Trial Court Cause No.
82D02-1407-F2-1005

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Stephen Clayton Rainey (Rainey), appeals his sentence for possession of methamphetamine, a Level 4 felony, Ind. Code § 35-48-4-6.1(a).

We affirm.

# ISSUE

Rainey raises one issue for our review, which we restate as: Whether Rainey's sentence is inappropriate in light of the nature of the offense and his character.

# FACTS AND PROCEDURAL HISTORY

On July 18, 2014, Officer Lenny Reed of the City of Evansville Police Department (Officer Reed) observed a red motorcycle, driven by Rainey, failing to stop at a stop sign or use a turn signal. Officer Reed followed Rainey and noticed him reaching into his waistband for a cigarette package and throwing it away. The cigarette package was later determined to contain 9.97 grams of methamphetamine. After he was pulled over for a traffic stop, Rainey conceded that the cigarette package contained crystal meth which he had purchased earlier that day. He admitted to being an addict who sold methamphetamine to his friends. Rainey was also found to be in possession of $875 in cash when he was arrested. At the time of his arrest, Rainey was out on bond for possession of methamphetamine, a Level 5 felony.

[5] On July 22, 2014, the State filed an Information, charging Rainey with Count I, dealing methamphetamine, a Level 2 felony; Count II, resisting law enforcement, a Level 6 felony; and a habitual offender enhancement. On October 24, 2016, the State amended the Information on Count I to reflect Rainey's prior dealing offense though the offense remained a Level 2 felony. The State moved to dismiss Count II and the habitual offender enhancement on October 27, 2016.

[6] Following a jury trial on October 31, 2016, Rainey was convicted of the lesser included offense of possession of methamphetamine as a Level 5 felony. He admitted to the enhancing circumstance of a prior conviction and the trial court entered his conviction as a Level 4 felony. On November 18, 2016, the trial court conducted a sentencing hearing. Imposing a ten-year executed sentence, the trial court noted as aggravating factors Rainey's extensive criminal history and that he was on bond at the time of the instant offense. The trial court found a mitigating circumstance in Rainey's mental health problems.

[7] Rainey now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[8] Rainey contends that his sentence is inappropriate in light of the nature of the offense and his character. Although a trial court may have acted within its lawful discretion in imposing a sentence, Indiana Appellate Rule 7(B) provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is

inappropriate in light of the nature of the offense and the character of the offender." The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether this court regards a sentence as appropriate at the end of the day turns on its sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other facts that come to light in a given case. *Suprenant v. State*, 925 N.E.2d 1280, 1284 (Ind. Ct. App. 2010), *trans. denied*.

[9] We recognize that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence of the crime committed." *Weiss v. State*, 848 N.E.2d 1070, 1072 (Ind. 2006). Pursuant to the statute, a person convicted of a Level 4 felony, shall be imprisoned for a fixed term of between two and twelve years, with the advisory sentence being six years. I.C. § 35-50-2-5. Here, Rainey received an aggravated sentence of ten years.

[10] The nature of the Rainey's offense does not disclose anything egregious or out of the ordinary: a traffic stop revealed his possession of methamphetamine. Nevertheless, Rainey's character alone justifies the sentence imposed by the trial court. A review of his criminal history reveals that Rainey has been in continual contact with the criminal justice system for virtually his entire adult life. Over the years, Rainey has amassed ten misdemeanor convictions for driving while suspended (five times), possession of paraphernalia, resisting law enforcement, possession of marijuana (twice), and carrying a handgun without a license, and seven felony convictions for possession of methamphetamine (four times), dealing methamphetamine, possession of marijuana, and receiving

stolen property. Rainey has violated the terms of electronic home detention, community corrections, and probation. At the time of sentencing, Rainey had three separate cases pending for possession of methamphetamine, as a Class D felony, possession of methamphetamine, as a Level 5 felony, and dealing methamphetamine, as a Level 3 felony.

[11] In support of his argument to reduce the sentence to the advisory term, Rainey points to his mental health history and argues that "he is an addict with mental health problems, not that he poses a danger to other individuals." (Appellant's Br. p. 9). In so far Rainey now appears to argue that the trial court should have awarded more weight to this recognized mitigating factor, we note that "a trial court can not now be said to have abused its discretion in failing to properly weigh such factors." *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Although Rainey claims his conviction for possession of methamphetamine is a crime without a victim, this argument is strongly contradicted by Rainey's own statements. After being pulled over by Officer Reed, he admitted to selling methamphetamine to his friends. Moreover, his criminal history discloses convictions for possession of methamphetamine and dealing methamphetamine.

[12] Accordingly, we conclude that Rainey has failed to carry his burden to establish that his sentence is inappropriate in light of his character.

# CONCLUSION

Based on the foregoing, we conclude that the trial court not inappropriately sentenced Rainey to a sentence of ten years.

Affirmed.

Najam, J. and Bradford, J. concur