ATTORNEYS FOR APPELLANT
Kurt A. Young
Nashville, Indiana

Ruth A. Johnson
Marion County Public Defender, Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

James E. Porter
Deputy Attorney General
Indianapolis, Indiana



FILED

Jul 21 2011, 10:14 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S02-1104-CR-198

GLENN L. CARPENTER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49G20-0910-FB-85384
The Honorable Steven R. Eichholtz
The Honorable Michael Jensen, Magistrate

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-1005-CR-521

**July 21, 2011**

**Shepard, Chief Justice.**

Appellant Glenn Carpenter was discovered asleep in the waiting room of a dental office, apparently drunk or overdosed. This led to a forty-year sentence for possession of a firearm by a serious violent felon and being an habitual offender. We conclude that twenty years was an adequate response to the situation.

**Facts and Procedural History**

On October 2, 2009, staff in the dentist's office found Carpenter "passed out." They determined he had a pulse and was breathing but were unsuccessful in trying to wake him, so they decided to call the police. Police officers found Carpenter slouched over in a chair and unresponsive. They thought Carpenter smelled like he had been drinking but were not sure if the smell was from his clothing or his breath. After the officers were able to rouse Carpenter they stood him up and handcuffed him. Carpenter did not resist, mumbling to the officers that he did not know where he was or how he got there. When searching Carpenter the officers found a handgun with an empty magazine, marijuana, cocaine, and a crack pipe.

The State charged Carpenter with unlawful possession of a firearm by a serious violent felon as a class B felony[1], possession of cocaine and a firearm as a class C felony[2], and possession of cocaine as a class D felony.[3] On February 24, 2010, the State filed an habitual offender count.[4] Before trial, the State dismissed both charges involving possession of cocaine.

A jury found Carpenter guilty of unlawful possession of a firearm by a serious violent felon. Carpenter then stipulated to the prior convictions supporting the habitual offender count. The trial court imposed a twenty year sentence for Carpenter's class B felony conviction and added twenty years for the habitual finding. The court's sentencing statement reads as follows:

> THE COURT: Okay. The Court has reviewed the file, the PSI, the statement of the attorneys, the statement of the Defendant. The Court will note for the record that the Defendant does have extensive history or criminal delinquent activity that we've been talking about.
>
> There are six prior felony convictions. If you just look at the one that made him a Habitual Substance Offender and the two that made him – or I mean the one that made him a Serious Violent

---

[1] Ind. Code § 35-47-4-5 (2008).
[2] Ind. Code § 35-48-4-6(b)(1) (2008).
[3] Ind. Code § 35-48-4-6(a) (2008).
[4] Ind. Code § 35-50-2-8 (2008).

Felon and the two that made him the Habitual Offender, there's still three other prior felony convictions. Additionally, there have been several misdemeanor convictions in the past.

The one felony conviction that makes him a Serious Violent Felon is a very serious case. It's a Robbery case. I count ten misdemeanor convictions, 28 conduct violations while incarcerated.

The Court in this case finds no mitigation. The Court imposes then the 20 year sentence on the Class B felony enhanced by 20 years on the Habitual Offender for a total sentence of 40 years.

(Tr. at 207–208.) On appeal, Carpenter challenged admission of evidence about the drugs and paraphernalia found on his person and the appropriateness of this sentence. A divided Court of Appeals affirmed. Carpenter v. State, 940 N.E.2d 868 (Ind. Ct. App. 2011) (table).

We grant transfer, summarily affirming the Court of Appeals' rejection of Carpenter's evidentiary claim. Ind. Appellate Rule 58(a).

## Appropriateness of the Sentence

Carpenter's class B felony carried a maximum sentence of twenty years and a $10,000 fine, with the advisory sentence being ten years. Ind. Code § 35-50-2-5 (2008). Having stipulated the prior conviction underlying his habitual offender charge Carpenter faced at a minimum an additional fixed term of ten years (the advisory for the underlying crime) and a maximum additional fixed term of thirty years (three times the advisory for the underlying crime). Ind. Code § 35-50-2-8(h) (2008).

Our authority to review and revise criminal sentences flows from Article 7, Section 4 of the Indiana Constitution. Ind. Const. Art. 7, § 4 ("The Supreme Court shall have, in all appeals

3

of criminal cases, the power to review all questions of law and to review and revise the sentence imposed."). The standard for analyzing such claims appears in the Indiana Appellate Rules:

> The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.

Ind. Appellate Rule 7(B). When a defendant requests appellate review and revision of a criminal sentence, an appellate court may affirm, reduce, or increase the sentence. McCullough v. State, 900 N.E.2d 745 (Ind. 2009).

Carpenter advances a series of arguments contending his sentence is inappropriate—from the trial court finding "no mitigation" to the mischaracterization of his criminal history. (Appellant's Brief at 11-13.) Judge Brown of the Court of Appeals agreed with many of Carpenter's arguments, believing the nature of his offense and his character did not warrant a forty-year sentence. Carpenter, 940 N.E.2d at *3 (Brown, J., concurring in part and dissenting in part). Giving due consideration to the trial court's decision, we too conclude that a forty-year sentence is inappropriate.

We have explained that appellate review of sentences is largely an "attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). In short, Carpenter's forty-year sentence is an outlier.

As for the nature of Carpenter's offense he was simply asleep, though in a place he should not have been and possessing items he should not have possessed. Still, the firearm was unloaded, and Carpenter did not threaten anyone or brandish the handgun. In fact, there is no indication that Carpenter caused any sort of real disruption other than being asleep in an office waiting room.

As for Carpenter's character, he is hardly the model citizen, nor has he taken advantage of the many opportunities he has been given in the form of alternative sentencing, such as probation, early release and community corrections. Carpenter has continued to demonstrate a disregard and contempt for the law. Carpenter at the age of forty-five has amassed six felony convictions, eleven misdemeanor convictions and has charges pending out of Johnson County. A complete review of Carpenter's criminal history reveals that—although ample in number and clearly a recidivist—his crimes are of the type where a forty-year sentence is inappropriate.

Most of Carpenter's misdemeanor convictions are for driving while suspended. His felony history includes two class C felony drug convictions, a class C felony forgery conviction, two class D felony theft convictions and a robbery conviction that did not involve violence and was the result of taking $25 from a pizza delivery man. Contrary to the statements by the trial court, his past incarcerations have not resulted in additional misdemeanor convictions but rather administrative sanctions.

Although the trial court declared there was no mitigation present, Carpenter did spare the State some expense in that he stipulated or pled guilty to an habitual offender count. At a minimum this indicates some acceptance of responsibility. Francis v. State, 817 N.E.2d 235, 237 n. 2 (Ind. 2004). Carpenter's lengthy criminal record certainly warrants an additional penalty, which the habitual enhancement will provide. Taking the adverse character of the offender and the unaggravated nature of the offense as a whole, we conclude that forty years is inappropriate.

**Conclusion**

Having summarily affirmed Carpenter's conviction we remand with instructions to issue an amended sentence of twenty years: ten for the class B felony and ten for the habitual.

Sullivan, Rucker, and David, JJ., concur.
Dickson, J., dissents with separate opinion.

5

**Dickson, J., dissenting.**

I respectfully dissent, believing that this is not an exceptional or rare case justifying appellate intrusion into the trial court's sentencing determination to which we must accord "due consideration" under Indiana Appellate Rule 7(B). <u>Serino v. State</u>, 798 N.E.2d 852, 856 (Ind. 2003).