Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Aug 30 2013, 5:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GARY NAPERS,                            )
                                        )
    Appellant-Defendant,        )
                                        )
        vs.    )     No. 48A02-1302-CR-147
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.         )

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-1103-FD-568

**August 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Gary Napers appeals his sentence and the trial court's imposition of fees and costs following his conviction for receiving stolen property, as a Class D felony, and adjudication for being an habitual offender pursuant to a guilty plea. Napers presents two issues for our review:

1. Whether his sentence is inappropriate under Indiana Appellate Rule 7(B).

2. Whether the trial court erred when it imposed costs and a fee without first determining his ability to pay.

We affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On October 4, 2012, Napers pleaded guilty to receiving stolen property, as a Class D felony, and to being an habitual offender. The plea agreement left sentencing open to the trial court's discretion, but set a cap on the executed portion of the sentence at six years. Following a hearing, the trial court sentenced Napers to thirty-six months, enhanced by thirty-six months for being an habitual offender, for a total executed sentence of seventy-two months. In addition, the trial court ordered Napers to pay court costs of $166 and public defender fees in the amount of $200. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One:  Sentence

Napers first contends that his sentence is inappropriate in light of the nature of the offense and his character. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana

Constitution "authorize [ ] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

The Indiana Supreme Court has also stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Napers does not make cogent argument regarding the nature of the offense or his character. Rather, his sole contention on this issue is that his sentence should be reduced

pursuant to our supreme court's holding in Carpenter v. State, 950 N.E.2d 719 (Ind. 2011). In Carpenter, the defendant was found asleep in the waiting room of a dentist's office, and police found on his person a "handgun with an empty magazine, marijuana, cocaine, and a crack pipe." Id. at 719. A jury found Carpenter guilty of unlawful possession of a firearm by a serious violent felon. Carpenter then stipulated to prior convictions supporting an habitual offender count. The trial court imposed a twenty-year sentence for Carpenter's Class B felony conviction and added twenty years for the habitual finding.

Our supreme court reiterated that "appellate review of sentences is largely an 'attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case.'" Id. at 721 (quoting Cardwell, 895 N.E.2d at 1225)). After considering the nature of the offense and his character, our supreme court concluded that Carpenter's forty-year sentence was an outlier. Accordingly, the court reduced his sentence from forty years to twenty years.

We hold that Carpenter is inapposite here. Napers agreed to a cap on an executed sentence of six years in his plea agreement. And there is nothing about the nature of the offense (received stolen musical instruments from a church and pawned them) or Napers' character (eight prior felony convictions, including four prior burglary convictions, a conviction for breaking and entering, and a conviction for theft) to persuade us that his sentence is an outlier. We cannot say that Napers' sentence is inappropriate under Indiana Appellate Rule 7(B).

**Issue Two: Court Costs and Public Defender Fee**

Napers also contends that the trial court abused its discretion when it ordered him to pay court costs of $166 and "P.D. reimbursement of $200." Appellant's App. at 111. In particular, Napers maintains that the trial court did not determine his ability to pay the costs and fee and asks that we remand to the trial court "for reconsideration." Brief of Appellant at 9. We agree with Napers.

First, the trial court did not specify which of three statutes it relied on in imposing the costs and fee. The State avers that it is "reasonable to assume" that the trial court ordered the costs and fee pursuant to Indiana Code Section 33-37-2-3, which provides:

a) Except as provided in subsection (b), when the court imposes costs, it shall conduct a hearing to determine whether the convicted person is indigent. If the person is not indigent, the court shall order the person to pay:

(1) the entire amount of the costs at the time sentence is pronounced;

(2) the entire amount of the costs at some later date; or

(3) specified parts of the costs at designated intervals.

(b) A court may impose costs and suspend payment of all or part of the costs until the convicted person has completed all or part of the sentence. If the court suspends payment of the costs, the court shall conduct a hearing at the time the costs are due to determine whether the convicted person is indigent. If the convicted person is not indigent, the court shall order the convicted person to pay the costs:

(1) at the time the costs are due; or

(2) in a manner set forth in subsection (a)(2) through (a)(3).

\* \* \*

5

(e) If, after a hearing under subsection (a) or (b), the court determines that a convicted person is able to pay part of the costs of representation, the court shall order the person to pay an amount of not more than the cost of the defense services rendered on behalf of the person. The clerk shall deposit the amount paid by a convicted person under this subsection in the county's supplemental public defender services fund established under IC 33-40-3-1.

(Emphases added.)

This court has observed the following with respect to that statute:

First, it explicitly requires an indigency hearing. Second, although the indigency hearing required by Section 33-37-2-3(a) must be held after conviction, since it applies to a "convicted person," the statute does not otherwise dictate when the hearing is to be held. Third, Section 33-37-2-3(b) permits, but does not require, the trial court to suspend payment of costs until the convicted person completes all or part of the sentence and hold a hearing at that time. Fourth, Section 33-37-2-3(b) grants the trial court the option to suspend payment of costs until "part" of the sentence has been served or until "all" of the sentence has been served.

Berry v. State, 950 N.E.2d 798, 801-02 (Ind. Ct. App. 2011).

Here, the trial court ordered Napers to pay the costs and fee "in equal monthly installments unless specified otherwise" and ordered that they "must be paid in full 30 days before probation ends." Appellant's App. at 111. The trial court's order does not specify payment other than in equal monthly installments, and it does not state when those payments shall be made. And the trial court imposed an executed sentence with no probation, so the reference to "30 days before probation ends" is inapposite. We reverse the trial court's order regarding costs and a public defender fee and remand for a determination of the date of Napers' first monthly installment and for a determination of Napers' ability to pay at that time.

Affirmed in part, reversed in part, and remanded with instructions.

MATHIAS, J., and BROWN, J., concur.