**Richard L. FRANCIS, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 46S03–0407–CR–328.

Supreme Court of Indiana.

Nov. 9, 2004.

Donald W. Pagos, Michigan City, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

1. Ind.Code § 35–42–4–3(a)(1) (2004).

SULLIVAN, Justice.

Defendant Richard L. Francis was charged with and pled guilty to child molesting. The sentencing court enhanced the presumptive sentence of 30 years applicable here by an additional 20, for a total sentence of 50 years. Finding that Francis's guilty plea and other mitigating circumstances balance the aggravating circumstances, we revise Francis's sentence to the presumptive sentence of 30 years.

## Background

In August, 2002, Richard Francis, who at the time was 23–years–old, committed deviate sexual conduct with a child. As part of a plea agreement, Francis pled guilty to one count of child molesting, a Class A felony,[1] and agreed to argue sentencing before the LaPorte Superior Court. Although the plea agreement did not include a specified amount of jail time, the court was to take Francis's guilty plea under advisement when sentencing.

The court, however, sentenced Francis to the maximum 50 years for a Class A felony—the 30–year presumptive sentence enhanced by 20 years for aggravating circumstances. A majority of a panel of the Court of Appeals affirmed the sentence in an unpublished opinion. *Francis v. State,* No. 46A03–0305–CR–176, slip op. at 6, 797 N.E.2d 1189 (Ind.Ct.App. Oct.15, 2003). Judge Sullivan dissented. Francis sought and we granted transfer. *Francis v. State,* 2004 Ind. LEXIS 649 (Ind. July 23, 2004).

## Discussion

Francis argues that his sentence is excessive as a result of the sentencing court's failure to consider his guilty plea a mitigating circumstance. Finding that there were aggravating circumstances, but no

mitigating circumstances, the court sentenced Francis to 20 years more than the presumptive 30–year sentence, for a total of 50 years in the Indiana Department of Correction.

The Legislature has prescribed standard or "presumptive" sentences for each crime, allowing the sentencing court limited discretion to enhance a sentence to reflect aggravating circumstances or to reduce a sentence to reflect mitigating circumstances. In this case, the applicable statute reads, "A person who commits a Class A felony shall be imprisoned for a fixed term of thirty (30) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances...." Ind.Code § 35–50–2–4 (2004).

## I

■■■ If the court relies on aggravating or mitigating circumstances to deviate from the presumptive sentence, it must (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance has been determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of circumstances. *Wooley v. State*, 716 N.E.2d 919, 929 (Ind. 1999) (citing *Harris v. State*, 659 N.E.2d 522, 527–28 (Ind.1995)). When a sentence more severe than the presumptive is challenged on appeal, the reviewing court will examine the record to insure that the sentencing court explained its reasons for selecting the sentence it imposed. *Lander v. State*, 762 N.E.2d 1208, 1215 (Ind.2002).

At Francis's sentencing proceeding, the court identified two aggravating circumstances: (1) Francis had a prior criminal history, and (2) the age of the victim was less than 12–years–old. The court found no mitigating circumstances. The trial court in this case satisfied its obligation to explain its reasons for selecting the sentence it imposed.

## II

■■■ Francis contends that the sentencing court erred when it did not find that his guilty plea was a mitigating circumstance.[2] Francis notes that because he pled guilty before his case was even scheduled for trial, his plea saved the State and the court from expending valuable resources. He also notes that his plea prevented further family trauma because the victim did not have to testify.

■■■ This Court has recognized before that "a defendant who willingly enters a plea of guilty has extended a substantial benefit to the state and deserves to have a substantial benefit extended to him in return." *Scheckel v. State*, 655 N.E.2d 506, 511 (Ind.1995) (quoting *Williams v. State*, 430 N.E.2d 759, 764 (1982), *reh'g denied*, 459 U.S. 808, 103 S.Ct. 33, 74 L.Ed.2d 47 (1982)). A guilty plea demonstrates a defendant's acceptance of responsibility for the crime and extends a benefit to the State and to the victim or the victim's

---

**2.** The State argues that Francis forfeited his opportunity to claim on appeal that the court should have considered his guilty plea a mitigating circumstance when he failed to assert this claim at sentencing. To support this proposition, the State relies upon *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind.2000) ("If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal."). However, the defendant in *Spears* did not plead guilty, and so the mitigating circumstance at issue in the present case was not the subject of our focus in *Spears*. Because a sentencing court is inherently aware of the fact that a guilty plea is a mitigating circumstance, the language from *Spears* upon which the State relies is not applicable.

family by avoiding a full-blown trial. *Id.* See also *Sensback v. State,* 720 N.E.2d 1160, 1164 (Ind.1999); *Trueblood v. State,* 715 N.E.2d 1242, 1257 (Ind.1999). Thus, a defendant who pleads guilty deserves to have mitigating weight extended to the guilty plea in return.[3] *Scheckel,* 655 N.E.2d at 511; *Widener v. State,* 659 N.E.2d 529, 534 (Ind.1995). We find that the court erred in not considering the guilty plea to be a mitigating circumstance.

## III

■ Where we find an irregularity in the lower court's sentencing decision, we have the option to remand to the trial court for a clarification or new sentencing determination, to affirm the sentence if the error is harmless, or to reweigh the proper aggravating and mitigating circumstances independently at the appellate level. *Sherwood v. State,* 749 N.E.2d 36, 39–40 (Ind.2001). We elect appellate reweighing here. *See* Ind. Const. art. VII, § 4.

■ For the reasons discussed above, the fact that the defendant pled guilty is a mitigating circumstance entitled to weight in the high range. Our reading of the record here indicates that the defendant pled guilty at an early stage of the proceedings, demonstrated remorse, and apologized for his actions. These factors increase the weight attributable to this mitigator.

The record also indicates that defendant himself had been molested as a child. Because we are provided little information on this factor, we assign it weight in the low range.

As noted before, the sentencing court identified two aggravating circumstances: (1) Francis had a prior criminal history, and (2) the age of the victim was less than 12–years–old. However, the trial court did not elaborate on either factor.

As to the defendant's criminal history, the record suggests that it is minimal. His only prior adult offenses were a public intoxication violation and a criminal conversion conviction. However, his juvenile record includes a delinquency adjudication for an offense that would have constituted child molesting if committed by an adult. We therefore assign the defendant's criminal history weight in the low to medium range.

As to the age of the victim being less than 12–years–old, we note that the charging information used by the State here alleged that the defendant had molested a child "under twelve (12) years of age." Appellant's App. at 5. As this aggravating circumstance does no more than set forth the allegation of the charging information, we find that it does not support enhancing the defendant's sentence. However, the record does show that the victim was 6–years–old. Although the age of the victim has been taken into account to some extent by the fact that the offense is a Class A felony, the young age of the victim is an aggravating circumstance to which we assign weight in the low to medium range.

Finally, we note Judge Sullivan's conclusion in dissent in the Court of Appeals opinion:

> The only factor which qualifies the offense to which [defendant] pleaded guilty as a Class A felony is that [he]

---

**3.** Of course, the significance of this mitigating factor will vary from case to case. Where the guilty plea neither demonstrated a defendant's acceptance of responsibility for the crime nor extended a benefit to the State or to the victim or the victim's family by avoiding a full-blown trial, we concluded that the court did not abuse its discretion in declining to find the guilty plea a mitigating circumstance. *Sensback v. State,* 720 N.E.2d 1160, 1165, 1165 n. 4 (Ind.1999).

was over the age of twenty-one. *See* Ind.Code § 35–42–4–3. Were it otherwise, and notwithstanding the arguable aggravating circumstances and arguable lack of substantial mitigating circumstances, the crime would be a Class B felony for which the maximum sentence would be twenty years. Ind.Code § 35–50–2–5.

For this reason I find the maximum fifty-year sentence inappropriate and would reduce the sentence to the presumptive thirty years.

*Francis,* No. 46A03–0305–CR–176, slip op. at 8 (emphasis omitted).

Because we find the guilty plea to be a weighty mitigating circumstance, which, with other mitigating circumstances, balances the aggravating circumstances that the court identified, we conclude that the presumptive sentence of 30 years is the appropriate sentence in light of the nature of this offense and the character of this offender. *See* Ind. Appellate Rule 7(B).

### Conclusion

We reverse Francis's sentence of 50 years and remand to the sentencing court with instructions to issue an amended sentencing order and to issue or make any other documents or docket entries necessary to impose a sentence of 30 years, without a hearing.

SHEPARD, C.J., and BOEHM and RUCKER, JJ., concur.

DICKSON, J., dissents without opinion.