**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 27 2014, 10:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK A. THOMA**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

TROY A. BRATTON,                        )
                                        )
    Appellant-Defendant,            )
                                        )
      vs.                         )    No. 02A05-1310-CR-513
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.             )

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D05-1212-FD-1693

**May 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Troy A. Bratton appeals his sentence following his conviction for battery by bodily waste, as a Class D felony, after a jury trial. Bratton raises three issues for our review:

1. Whether the trial court abused its discretion when it declined to find Bratton's mental health to be a mitigating circumstance;

2. Whether the trial court erred when it ordered Bratton to serve time on home detention as part of his suspended sentence rather than his executed sentence; and

3. Whether the trial court erred in its calculation of Bratton's credit for time served.

We affirm in part and reverse and remand in part.

## FACTS AND PROCEDURAL HISTORY

On October 10, 2012, Bratton was an inmate at the Allen County Jail. That day, Supervisor-Corporal Jeffery Kroemer was responsible for securing the area where inmates could see a doctor. While performing his duties, Corporal Kroemer heard a commotion in the hallways. Corporal Kroemer went to investigate and observed Bratton swearing and yelling at officers who were patting him down while preparing to escort him to a doctor. The officers placed Bratton in a holding cell in the medical area, and Corporal Kroemer informed Bratton that "if we had any problems or if he had any intentions of not complying with the doctor or the nurse o[r] myself that we would remove him from the [area] as a safety procedure." Transcript at 71.

When a doctor became available, officers escorted Bratton into the medical room with the doctor and Corporal Kroemer. Bratton refused to follow Corporal Kroemer's

2

instructions, and, when Corporal Kroemer grabbed Bratton's arm to help steady Bratton on a step, Bratton "leaned into [Corporal Kroemer's] face," swore at Corporal Kroemer, and spit on Corporal Kroemer's face. Id. at 73.

On December 5, the State charged Bratton with battery by body waste, as a Class D felony. The jury found Bratton guilty as charged on September 5, 2013. Following a sentencing hearing, the court found the following aggravating circumstances: "complete disdain for the system and law enforcement; prior resisting law enforcement and drug abuse[;] history shows disdain for the Court[;] facts and circumstances of this case[;] combative behavior[;] prior attempts at rehabilitation have failed." Appellant's App. at 147. The court did not find any mitigators. The court then ordered Bratton to serve "3 years with 2 years executed, 1 year suspended. After executed portion is served, Defendant placed on active adult probation 1 year." Id. The court further specified that "[d]uring that period of probation you'll wear an ankle bracelet on community control for six months." Sentencing Transcript at 11.

Regarding credit time, the pre-sentence investigation report ("PSI") stated that Bratton was entitled to sixty-seven days of credit for the following dates he had actually served in jail: 12/5/12 to 1/7/13; 3/15/13 to 3/18/13; and 9/5/13 to 10/3/13. However, Bratton objected to the State's assessment and asserted that he was in jail for the instant offense between January 7, 2013, and March 15, 2013, and that he was not released on bond for the instant offense until March 18, 2013. The court then engaged the parties and the probation department as follows:

> MS. LEE [for the State]: That time was actually attributed to the Misdemeanor, which we subsequently dismissed. . . . Mr. LeBeau and I

3

talked about that case because that was the case he was originally committed to Logansport on.

* * *

THE COURT: Oh, okay. . . . What the probation officer is telling me is that she is showing me . . . [t]he actual calculations show the sixty-seven days includes that time.

MR. BRATTON: Oh, okay.

THE COURT: Because if you recall you were out on bond. I remanded you when the jury verdict came back.

MR. BRATTON: Correct.

THE COURT: Okay. So that includes it. It's sixty-seven, because that includes that time, correct?

PROBATION OFFICER: It does not include that Misdemeanor case. He was held in the jail on these days [stated in the PSI] only in the Felony case, but when he went in back on December 5th, they did also hold him on a Misdemeanor. It [sic] placed two hold[s] on him.

* * *

PROBATION OFFICER: But he was in on both cases?

MS. LEE: Yes.

PROBATION OFFICER: Then he needs to get credit on this case.

THE COURT: Right. Right.

PROBATION OFFICER: Which he did. I have it in the PSI December 5th to January 7th.

THE COURT: What are the additional days?

PROBATION OFFICER: I don't know any of the misdemeanor dates he was in jail for that day [sic].

* * *

4

MR. BRATTON: I believe from January to March, which was actually three months that I don't believe is being accounted for.

PROBATION OFFICER: He was sitting on both cases.

MS. LEE: I think he was eligible to be bonded out on this case. I think he was being held no bond on the Misdemeanor case.

PROBATION OFFICER: But he was in on this case, whether he bonded out or not.

MS. LEE: No.

PROBATION OFFICER: He wasn't in on this case? Okay. He was allowed to bond out on January 7th. We released him, but then he was still held on a Misdemeanor.

* * *

MR. BRATTON: . . . [B]ond was not posted, I believe[, un]til March the 18th.

THE COURT: On this case, the one I just sentenced you on.

MR. BRATTON: Correct.

Id. at 13-18. The court then took the question of credit time under advisement, and in its written sentencing order the court adopted the probation department's recommendation of sixty-seven days jail time credit. This appeal ensued.

**DISCUSSION AND DECISION**

**Issue One: Mitigating Circumstances**

On appeal, Bratton first asserts that the trial court abused its discretion when it failed to consider his mental health as a mitigating circumstance. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007) ("Anglemyer

I"), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007) ("Anglemyer II").

An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law . . . .
>
> [However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court cannot now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91. The trial court's sentencing statement need only include those mitigators that the trial court found to be significant. Id. at 493. "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." Id.

However, it is well established that "[a] defendant who fails to raise proposed mitigators at the trial court level is precluded from advancing them for the first time on appeal." Pennington v. State, 821 N.E.2d 899, 905 (Ind. Ct. App. 2005). As our Supreme Court has explained: a trial court "does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing." Anglemyer II, 875 N.E.2d at 220 (quotation omitted). "'If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant . . . .'" Id. (quoting Spears v. State, 735 N.E.2d 1161, 1167 (Ind. 2000)). Further:

6

> We acknowledge that this general proposition has at least one important exception, namely: pleas of guilty. As we observed in a footnote in Francis v. State, 817 N.E.2d 235, 237 n.2 (Ind. 2004), "Because a sentencing court is inherently aware of the fact that a guilty plea is a mitigating circumstance, the language from [Spears, supra] . . . is not applicable."

Id. (alteration original). Guilty pleas are an exception to the general rule of waiver because, as a matter of Indiana law, "a defendant who pleads guilty deserves 'some' mitigating weight be given to the plea in return." Id. (quoting McElroy v. State, 865 N.E.2d 584, 591 (Ind. 2007)).

On appeal, Bratton acknowledges that he did not raise the question of his mental health as a possible mitigator to the trial court. Appellant's Br. at 10. But he asks that this issue be considered as "inherently" before the trial court, and therefore akin to a guilty plea, because the trial court had previously determined Bratton to not be competent to stand trial.

The trial court's determination that Bratton was not competent to stand trial is not equivalent to the trial court accepting a guilty plea. In order to draw this parallel, Bratton must demonstrate that, as a matter of Indiana law, a determination that a defendant is not competent to stand trial is presumptively entitled to some mitigating weight. But the Indiana Supreme Court has never declared such a rule. Indeed, to the contrary our Supreme Court has emphasized "the need for a high level of discernment when assessing a claim that mental illness warrants mitigating weight." Covington v. State, 842 N.E.2d 345, 349 (Ind. 2006). Thus, if a defendant believes his mental health is a significant mitigating circumstance, he must make that argument to the trial court at sentencing. Otherwise, "[i]f the defendant does not advance a factor to be mitigating at sentencing,

7

this Court will presume that the factor is not significant . . . ." Anglemyer II, 875 N.E.2d at 220 (quotation omitted). Because Bratton did not advance this proposed mitigator during his sentencing hearing, we cannot say that the trial court abused its discretion when it did not consider it. See id.

### Issue Two: Home Detention

Bratton next asserts that the trial court erred when it ordered him to serve a portion of his suspended sentence on home detention with an ankle monitor. According to Bratton, this part of his sentence counts towards his executed sentence, not towards his suspended sentence. In other words, Bratton asserts that the trial court ordered him to serve two years in the Department of Correction, an additional six months home detention, and then one year probation, for a total sentence of three and one-half years, which is six months greater than the maximum sentence allowed for a Class D felony. See Ind. Code § 35-50-2-7. The State concedes this issue. Appellee's Br. at 10; see Barker v. State, 994 N.E.2d 306, 313-14 (Ind. Ct. App. 2013), trans. denied. Accordingly, we reverse Bratton's sentence and remand with instructions for the trial court to enter a new sentencing order.

### Issue Three: Credit Time

Finally, Bratton contends that the trial court erred when it awarded him sixty-seven days of credit time. According to Bratton, he was in jail for the instant offense between January 7, 2013, and March 15, 2013, and he should therefore have received a total credit time award of 131 days. We must agree with Bratton.

The Chronological Case Summary for the instant offense demonstrates that Bratton was never released from the State's custody between January 7, 2013, and March 15, 2013. Accordingly, there is no apparent basis for the probation department to have stated otherwise in the PSI. This fact is emphasized by the testimony of the probation officer during Bratton's sentencing, who clearly lacked confidence in the PSI's accuracy. Moreover, the State concedes on appeal that the credit time calculation here "is simply not clear" and that, "[g]iven that remand and instructions are already necessary," remand on this issue "should . . . allow the trial court an opportunity to review the records" from Bratton's misdemeanor case; to make those records to be made a part of the instant case; "and . . . to accurately assess how the dates impact Defendant's credit time calculation in the instant cause." Appellee's Br. at 9-10. We agree with the State's concession and, accordingly, we reverse the trial court's award of sixty-seven days credit time and remand with the above instructions.

Affirmed in part and reversed and remanded with instructions in part.

VAIDIK, C.J., and BROWN, J., concur.