## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 28 2018, 7:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
La Porte, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David J. Baysinger, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 28, 2018 <br><br> Court of Appeals Case No. <br> 46A04-1710-CR-2433 <br><br> Appeal from the La Porte Superior Court <br><br> The Honorable Greta S. Friedman, Judge <br><br> Trial Court Cause No. <br> 46D04-1509-F6-774 |

**Pyle, Judge.**

## Statement of the Case

David J. Baysinger ("Baysinger") appeals his sentence imposed following his guilty plea to Level 6 felony possession of child pornography.[1] Baysinger contends that the trial court abused its discretion by failing to consider certain mitigating circumstances. Concluding that the trial court did not abuse its discretion when sentencing Baysinger, we affirm his sentence.

We affirm.

## Issue

Whether the trial court abused its discretion when sentencing Baysinger.

## Facts[2]

In August 2014, Baysinger pawned his laptop computer at a pawn shop in Michigan City. After Baysinger failed to make payments to the pawn shop to get his computer back, an employee turned on the computer to wipe clean the computer's hard drive before reselling it. When the computer was turned on, an image of a naked girl, who appeared to be around seven years old, appeared on the screen. The pawn shop employee immediately contacted the police, who then conducted a forensic examination of the computer and discovered 1,000 images of child pornography and thirty videos containing child

---

[1] IND. CODE § 35-42-4-4.

[2] The facts surrounding Baysinger's offense were included in a written, stipulated factual basis that was incorporated into his guilty plea.

pornography. Thereafter, in September 2015, the State charged Baysinger with Level 6 felony possession of child pornography.

[4] In February 2017, Baysinger entered into a written plea agreement with the State. At the time of his guilty plea, Baysinger had two other pending charges, including: (1) public intoxication in cause number 46D04-1602-CM-376; and (2) criminal trespass in cause number 46D04-1607-CM-1722. Baysinger agreed to plead guilty to the Level 6 felony possession of child pornography charge in this cause in exchange for the dismissal of his public intoxication and criminal trespass charges in his other two causes. The parties agreed that sentencing would be open to the trial court's discretion. Additionally, the parties entered a stipulated factual basis that was incorporated into his guilty plea. The trial court held a guilty plea hearing, during which Baysinger pleaded guilty to Level 6 felony possession of child pornography.

[5] The trial court held sentencing hearings on August 1 and September 1, 2017. The presentence investigation report ("PSI") reveals that Baysinger, who was almost fifty-seven years old at the time of sentencing, has a criminal history dating back to when he was twenty years old. His criminal history includes felony convictions for theft and burglary in 1981 and misdemeanor convictions relating to the use of alcohol. Specifically, he has three convictions for operating while intoxicated (2000, 2006, and 2007) and four convictions for public intoxication (three separate causes in 2002 and one in 2015). Additionally, the PSI and attachments thereto showed that Baysinger was given two sex offender risk assessments, including the Indiana Risk Assessment

System ("IRAS") that the probation department administered in May 2017 and the McGrath Cummings Sex Offender Needs and Progress Scale ("SONPS assessment") that the behavioral management provider administered in June 2017. The IRAS indicated that Baysinger had a moderate risk of reoffending. The SONPS assessment indicated that he had a high-risk of reoffending, and the behavioral management provider recommended that Baysinger be placed in a sex offender treatment program and be "placed on the maximum amount of probation time allowed." (App. Vol. 3 at 26).[3]

[6] During the hearing, Baysinger acknowledged that he has a long history of substance abuse and admitted that he has drunk alcohol to the point of needing to be hospitalized. He also testified that he suffered from seizures and had been diagnosed with a disability due to his diagnoses of bipolar disorder, depression, and schizoaffective disorder, and he stated that he received treatment for these conditions. Baysinger testified that he was in an alcohol treatment program, which he had already attended on two occasions in the past, and stated that he was currently sober. He also presented testimony from two people who knew him from his alcohol treatment group. Baysinger suggested that most of his criminal history was related to his problems with alcohol. Baysinger admitted

---

[3] Pursuant to Indiana Administrative Rule 9(G)(2)(b) and INDIANA CODE § 35-38-1-13, the PSI must be excluded from public access. However, in this case, the information contained in an attachment to the PSI is "essential to the resolution" of Baysinger's claim. Admin. Rule 9(G)(7)(a)(ii)(c). Accordingly, we have included confidential information in this decision only to the extent necessary to resolve the appeal.

that his computer had child pornography on it but suggested that he did not remember it, blaming it on his drinking. Baysinger also denied that he needed to be put into a sex offender treatment program.

[7] Baysinger's counsel acknowledged that Baysinger had "been a broken down drunk" for the past thirty-five to forty years, and counsel argued that Baysinger's current sobriety should be considered as a mitigating factor. (Tr. Vol. 1 at 40). Counsel discussed the SONPS assessment and argued that it would be more reliable if a second assessment were done in another six months. Baysinger's counsel also addressed Baysinger's SONPS assessment results that indicated that he had a high risk of reoffending and suggested that Baysinger was at a high risk and was a danger to the community only when he was drinking. Baysinger's counsel asked the trial court to sentence Baysinger to a two-year suspended sentence and to give him another risk assessment in six months.

[8] When sentencing Baysinger, the trial court stated, in part, as follows:

Alright, in looking at the mitigators and aggravators[,] the Court found [Baysinger] has in fact sought out treatment, and though he has some criminal activity in his past[,] it's not extensive. While the number of images found on the computer is not an aggravator[,] it is certainly something the Court has taken into consideration. The Court finds this is not a case of curiosity or experimentation[.] Mr. Baysinger had the computer since 2012, and he stipulated to the fact that he had [a] thousand images of child pornography as well as thirty child pornography videos on the computer. What he has not shown the Court is any remorse. Not only did he not say he was sorry, he showed that he felt in

no way truly responsible for being any part of this disturbing and dangerous culture which exploits children.

* * * * *

Mr. Baysinger as well as several well[-]meaning members of the recovery community testified to the progress that you have made and while that's good for your health it does nothing to address the issues for your preference for child pornography nor does it in anyway indicate that there's any remorse for your actions, but the fact that no live children were in your presence in no way lessons [sic] the importance or the seriousness of this particular crime. These victims were somewhere in someone's presence[,] and they are in fact real victims whose childhood at best has been stolen.

* * * * *

So I believe you were probable [sic] sorry for your actions, I don't know that you understand the ripple effect of what your actions have done. The State mentioned in their closing that abuse of alcohol does not equate [to being] a sex offender and drinking does not bring about an attraction for children. Therefore, the Court is not convinced that your sobriety or lack of drinking will eliminate the concern about you returning to this behavior. It was not a passing fancy . . . you [had] a thousand pictures and thirty videos of children doing things that no child should have to do. It was collected over a period of it appears to be two years and your statements that you do not remember acquiring this material seems to the Court rather implausible. The Court believes you kn[e]w what you were doing and you're sorry you got caught.

(Tr. Vol. 3 at 8-10). The trial court imposed a two and one-half (2½) year sentence to be served at the LaPorte County Jail. The trial court also directed Baysinger to register as a sex offender and recommended that he participate in

appropriate treatment programs while in jail. Baysinger now appeals after being granted permission to file a belated notice of appeal.

## Decision

[9] Baysinger argues that the trial court abused its discretion by failing to consider his guilty plea as a mitigating circumstance and by failing to give mitigating "weight" to the recommendation of the provider that administered the SONPS assessment. (Baysinger's Br. at 8).

[10] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). One way in which a court may abuse its discretion is by entering a sentencing statement that omits mitigating circumstances that are clearly supported by the record and advanced for consideration. *Id.* at 490-91. However, a trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

[11] We first address Baysinger's argument regarding the trial court's failure to consider his guilty plea as a mitigating circumstance. An allegation that the trial court abused its discretion by not identifying a defendant's guilty plea as a mitigator "requires the defendant to establish that the mitigating evidence is

not only supported by the record but also that the mitigating evidence is significant." *Anglemyer v. State*, 875 N.E.2d 218, 220-21 (Ind. 2007). "[A] guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility . . . or when the defendant receives a substantial benefit in return for the plea. *Id.* at 221 (citing *Francis v. State*, 817 N.E.2d 235, 238 n.3 (Ind. 2004) and *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind. 1999)). Additionally, "[a] guilty plea is not necessarily a mitigating factor where the . . . evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic." *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

[12] Here, Baysinger received a substantial benefit from his guilty plea because the State agreed to dismiss Baysinger's public intoxication and criminal trespass charges from two separate causes. The record indicates that these offenses were committed after Baysinger had been released on bond in this cause, which would have required any resulting sentence to be served consecutively to his possession of child pornography conviction in this cause. *See* IND. CODE § 35-50-1-2. Additionally, the trial court's statements at sentencing reveal that Baysinger did not have any remorse and that his guilty plea did not demonstrate an acceptance of responsibility. Moreover, the evidence against Baysinger was strong, making his decision to plead guilty merely a pragmatic decision. Accordingly, we conclude that the trial court did not abuse its discretion when it did not identify Baysinger's guilty plea as a mitigating circumstance. *See, e.g.*,

*Amalfitano*, 956 N.E.2d at 212 (holding that the trial court did not abuse its discretion by failing to find the defendant's guilty plea as a mitigating factor).

[13] Lastly, we turn to Baysinger's argument that the trial court abused its discretion by failing to follow the recommendation of the SONPS assessment provider, who recommended that Baysinger be placed on probation and in a treatment program, and by failing to give the recommendation mitigating weight. First, the trial court was under no obligation to follow the recommendation of the assessment provider. Additionally, our Indiana Supreme Court has explained that the "relative weight or value assignable to reasons properly found[,] or [to] those which should have been found[,] is not subject to review" for an abuse of discretion. *Anglemyer*, 868 N.E.2d at 491. Thus, the trial court did not abuse its discretion when sentencing Baysinger.

[14] Affirmed.[4]

Vaidik, C.J., and Barnes, J., concur.

---

[4] Baysinger makes a passing reference to Appellate Rule 7(B) but makes no separate argument, let alone a cogent argument, that his sentence was inappropriate in light of the nature of his offense and his character. Therefore, he has waived any inappropriate sentence argument. *See* Ind. App. R. 46(A)(8)(a) (requiring that an appellant's argument be supported by cogent argument and citations to relevant authority).