## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 29 2018, 11:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James L. Cantrell, Jr.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 29, 2018

Court of Appeals Case No.
03A05-1710-CR-2381

Appeal from the Bartholomew Circuit Court

The Honorable Kelly S. Benjamin, Judge

Trial Court Cause No.
03C01-1612-F2-6440

**Najam, Judge.**

# Statement of the Case

James L. Cantrell, Jr. appeals his sentence following his guilty plea to dealing in methamphetamine, as a Level 3 felony, and dealing in a narcotic drug, as a Level 3 felony. He raises one issue for our review, namely, whether the trial court abused its discretion when it sentenced him.

We affirm.

# Facts and Procedural History

On October 11, 2016, a confidential informant ("CI") for the Bartholomew County Joint Narcotics Enforcement Team purchased twenty-eight grams of methamphetamine from Cantrell in exchange for $975. On October 27, the CI purchased 86.49 grams of methamphetamine from Cantrell in exchange for $3,200. And, on November 9, the CI purchased 12 grams of a substance from Cantrell that Cantrell claimed to be heroin in exchange for $1,500. However, the results of a field test indicated that the substance was not heroin but was, instead, fentanyl. During all three of the transactions, the CI was equipped with an audio/video recording device and electronic recording equipment in order to record the transactions.

On December 2, the State charged Cantrell with two counts of dealing in methamphetamine, as Level 2 felonies (Counts I and II), and one count of dealing in a narcotic drug, as a Level 2 felony (Count III). On July 17, 2017, Cantrell entered into a plea agreement with the State in which he agreed to plead guilty to one count of dealing in methamphetamine, as a Level 3 felony,

and one count of dealing in a narcotic drug, as a Level 3 felony. In exchange for this plea, the State dismissed Count II. The plea agreement was silent as to the length of the sentences, but it provided that the sentences shall run concurrent with one another. On August 31, the trial court accepted Cantrell's guilty plea, entered judgment of conviction, and held a sentencing hearing.

[5] During the sentencing hearing, Cantrell asked the court for a recommendation for purposeful incarceration, which the court denied. The trial court identified as aggravating circumstances the fact that Cantrell has a lengthy criminal history, which includes eighteen felony convictions and twelve misdemeanor convictions; that Cantrell had previously been placed on probation on two occasions, both of which were revoked; that Cantrell had used alcohol and drugs while incarcerated; and that he had violated jail rules while the current case was pending. The trial court found no mitigating circumstances. The trial court sentenced Cantrell to concurrent sentences of sixteen years in the Department of Correction.[1] This appeal ensued.

## Discussion and Decision

[6] Cantrell contends that the trial court abused its discretion when it sentenced him because the trial court failed to identify two mitigating circumstances. As our Supreme Court has stated:

---

[1] Pursuant to Indiana Code Section 35-50-2-5, the sentencing range for a Level 3 felony is three to sixteen years. The advisory sentence is nine years.

> Sentencing is left to the discretion of the trial court, and abuse of that discretion arises by the court: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement in which the aggravating and mitigating factors are not supported by the record; (3) entering a sentencing statement that does not include reasons that are clearly supported by the record and advanced for consideration; or (4) entering a sentencing statement in which the reasons provided in the statement are improper as a matter of law.

*Ackerman v. State*, 51 N.E.3d 171, 193 (Ind. 2016) (quotation marks omitted).

[7] Cantrell first asserts that the trial court abused its discretion when it sentenced him because the trial court failed "to give any mitigating weight to Cantrell's guilty plea[.]" Appellant's Br. at 8. It is well established that "a defendant who pleads guilty deserves to have mitigating weight extended to the guilty plea in return." *Francis v. State*, 817 N.E.2d 235, 238 (Ind. 2004). However, it is just as well established that "the significance of a guilty plea as a mitigating factor varies from case to case," and "a guilty plea may not be significantly mitigating when . . . the defendant receives a substantial benefit in return for the plea." *Anglemyer v. State*, 875 N.E.2d 218, 221 (Ind. 2007). Similarly, a guilty plea is not necessarily a mitigating factor "where evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic." *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

[8] We agree with the State that Cantrell received a substantial benefit in exchange for his plea because the State agreed to dismiss one count of dealing in methamphetamine, as a Level 2 felony. That charge could have resulted in as

much as an additional thirty years to his sentence.[2] Further, while the plea agreement was silent as to the length of the sentences, the agreement provided that the sentences shall run concurrent with one another. We also agree with the State that its evidence against Cantrell was strong. All three transactions between Cantrell and the CI, which served as the basis for the State's charges, were recorded using audio/visual recording equipment. Accordingly, we conclude that Cantrell has not met his burden on appeal to show that his guilty plea was a significant mitigating circumstance, and we cannot say that the trial court abused its discretion when it did not identify his plea as such.

[9] Cantrell next asserts that the trial court abused its discretion when it failed to consider his "cooperation with the police" when he "chose to speak with police, waiving his right to remain silent" as a mitigating factor. Appellant's Br. at 8. However, Cantrell did not raise this as a mitigating factor at the sentencing hearing. A "trial court does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing." *Anglemeyer*, 875 N.E.2d at 220. Because Cantrell did not raise his cooperation with police as a mitigating factor at his sentencing hearing, the trial court did not abuse its discretion when it failed to consider it. We affirm Cantrell's sentence.

[10] Affirmed.

---

[2] Pursuant to Indiana Code Section 35-50-2-4.5, the sentencing range for a Level 2 felony is ten to thirty years. The advisory sentence is seventeen and one-half years.

Robb, J., and Altice, J., concur.