## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 27 2019, 11:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
Navarre, Florida

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Wilbert T. Sturgis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 27, 2019

Court of Appeals Case No.
19A-PC-898

Appeal from the LaPorte Circuit Court

The Honorable Thomas J. Alevizos, Judge

Trial Court Cause No.
46C01-0409-MR-129

**Bailey, Judge.**

# Case Summary

Wilbert T. Sturgis ("Sturgis") appeals his sixty-year sentence for Murder, a felony.[1]  We affirm.

# Issues

Sturgis presents two issues for review:

    I.     Whether the trial court abused its sentencing discretion in its consideration of aggravating and mitigating circumstances; and

    II.    Whether the sixty-year sentence is inappropriate.

# Facts and Procedural History

The following facts are taken from the unpublished memorandum decision of the direct appeal:

> On the morning of September 20, 2004, teenager Barbara Day was dismissed early from Michigan City High School because of an earlier altercation she had with another teenager known only by his nickname, "Spider."  Tr. p. 324.  Day went to her home in Michigan City and was joined there by at least eight other individuals, including twenty-six-year-old Sturgis.  Day came up with a plan, to which everyone agreed, to go to the westside of Michigan City to look for Spider and to fight him.

---

[1] Ind. Code § 35-42-1-1.

The group at Day's house agreed to go to a school bus stop near 9th and Willard in Michigan City at about the time the bus was scheduled to drop off students. The group drove there in two cars, with Sturgis riding in a car driven by Natasha Harris. After arriving at the intersection, the group parked and got out of the cars. Day believed she saw Spider's cousin in a group of boys that included fifteen-year-old Blake Kelly walking along the sidewalk.

Day approached the group of boys and began asking Spider's supposed cousin where he was. This boy denied knowing where Spider was. Kelly then told Day and her friends that they were not going to "jump him," and Day told him to be quiet because he had nothing to do with it. *Id.* at 330. One of Day's cousins, Willie Martin, began threatening to fight Kelly but Day told him to leave Kelly alone.

While Day and her group were arguing with Kelly and his group, Sturgis walked up to Kelly and shot him in the jaw with a handgun. Kelly was unarmed, as was everyone else in the two groups besides Sturgis. This initial shot did not kill Kelly. Sturgis then put the handgun up against the side of Kelly's head and shot him again, this time killing him. Police soon obtained several statements identifying Sturgis as Kelly's killer, and they obtained a warrant for Sturgis's arrest.

On September 21, 2004, Sturgis turned himself into the Gary Police Department. … Initially during [an] unrecorded interview, Sturgis said he had been out of town when Kelly was shot so he could not have done it. He later retracted that statement, however, and admitted to what had happened.

*Sturgis v. State*, 46A03-0506-CR-00304, WL 5749798, Slip op. at 1-2 (Ind. Ct. App. Sept. 30, 2015).

[4] Sturgis was charged with Murder and Kidnapping. At the conclusion of his trial on April 14, 2005, a jury found him guilty of Murder but not guilty of Kidnapping. He was sentenced to sixty-five years imprisonment.

[5] Sturgis appealed, raising four issues: whether the prosecutor committed misconduct during voir dire; whether his police statement was inadmissible; whether the trial court abused its sentencing discretion; and whether his sixty-five-year sentence was inappropriate. *See id.* at 1. Sturgis's conviction and sentence were affirmed. *Id.*

[6] On April 12, 2013, Sturgis filed a petition for post-conviction relief, which was amended on December 5, 2016, and again on April 28, 2017. One claim made by Sturgis was that his trial counsel was ineffective during the sentencing hearing for failing to argue that Sturgis's remorse was a mitigating factor. Sturgis was granted partial post-conviction relief, in that the post-conviction court ordered that Sturgis be resentenced. Sturgis appealed, contending that his trial counsel had also been ineffective during the evidentiary phase of trial, for failure to object to Sturgis standing trial while shackled. This Court affirmed the post-conviction judgment. *Sturgis v. State*, 46A03-1711-PC-2652 (Ind. Ct. App. June 15, 2018).

[7] On March 22, 2019, Sturgis was resentenced. The trial court found as aggravating factors: Sturgis had a criminal history; he was on parole at the time he committed the murder; and the murder was committed in the presence of children. The trial court recognized Sturgis's cooperation with police as a "very

slight mitigating factor," observing that Sturgis had failed to "take full responsibility at the time." (App. Vol. III, pg. 9.) Also, the trial court recognized Sturgis's remorse as a mitigating factor. Concluding that the aggravators outweighed the mitigators, the trial court imposed upon Sturgis a sentence of sixty years imprisonment. He now appeals.

# Discussion and Decision

## Abuse of Discretion

[8] Sturgis contends that the trial court abused its discretion by failing to "give more weight to Mr. Sturgis's cooperation in turning himself into the police, giving a statement to police and his remorse at the re-sentencing hearing." Appellant's Brief at 12.

[9] The sentencing scheme in effect at the time of a criminal offense is controlling. *See Robertson v. State*, 871 N.E.2d 280, 286 (Ind. 2007). In 2004, sentencing in Indiana was governed by a "presumptive" scheme; that is, the legislature had prescribed "standard" or "presumptive" sentences for each crime, allowing the sentencing court limited discretion to enhance a sentence for aggravating circumstances or reduce a sentence for mitigating circumstances. *Francis v. State*, 817 N.E.2d 235, 237 (Ind. 2004). Pursuant to Indiana Code Section 35-50-2-3, the presumptive sentence for a murder committed in 2004 was fifty-five years, with a minimum sentence of forty-five years and a maximum sentence of

sixty-five years.[2]  When Sturgis was resentenced, he received a sentence five years above the presumptive sentence.

[10]  Under the presumptive sentencing scheme, if the court relied on aggravating or mitigating circumstances to deviate from the presumptive sentence, the court was required to "(1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance has been determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of circumstances." *Francis*, 817 N.E.2d at 237.  When a sentence greater than the presumptive was challenged on appeal, the reviewing court would examine the record for an adequate explanation of the reasons for the sentence imposed.  *Id.*  If the reviewing court found "irregularity in the lower court's sentencing decision," the court could elect among options, including "to remand to the trial court for a clarification or new sentencing determination, to affirm the sentence if the error is harmless, or to reweigh the proper aggravating and mitigating circumstances independently at the appellate level." *Id.* at 238.

---

[2] On June 24, 2004, the Supreme Court of the United States handed down *Blakely v. Washington*, 542 U.S. 296, 301 (2004), holding that the Sixth Amendment right to a jury trial required that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Smylie v. State*, 823 N.E.2d 679 (Ind. 2005), our Indiana Supreme Court held that the Indiana sentencing scheme violated the Sixth Amendment as explained in *Blakely*. The Legislature responded and, effective April 25, 2005, the sentencing statutes were amended to replace presumptive sentences with advisory sentences. The sentencing court was authorized, within its discretion, to impose any sentence within the statutory range. *Robertson*, 871 N.E.2d at 283.

Here, the trial court identified aggravating and mitigating circumstances supported by the evidence. Sturgis does not claim that the trial court omitted a mitigating circumstance, improperly found an aggravating circumstance, or failed to provide an adequate sentencing statement. In short, he does not identify "irregularity in the sentencing decision," *see id.*, such that reweighing the circumstances would be warranted.[3]

## Appropriateness of Sentence

Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under the presumptive statutory scheme, the presumptive sentence was the starting point the Legislature selected as an appropriate sentence for the crime committed. *Ruiz v. State*, 818 N.E.2d 927, 929 (Ind. 2004).

As for the nature of the offense, Sturgis fired multiple shots into an unarmed teenager. He killed the fifteen-year-old victim in the presence of other children.

As for his character, Sturgis has a criminal history (including armed robbery and possession of cocaine), a history of substance abuse, and past affiliation

---

[3] After enactment of the advisory sentencing scheme, a trial court no longer has an obligation to "weigh" aggravating circumstances against mitigating circumstances when deciding what sentence to impose, unlike the pre-*Blakely* regime. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007). However, as we have observed, Sturgis was sentenced under the presumptive sentencing scheme.

with a street gang. He was on parole when he committed the murder. He expressed remorse, and his decision to surrender to police reflects favorably on his character. However, Sturgis surrendered after a warrant was issued for his arrest and he initially claimed that he could not have committed the murder because he was out of town.

[15] Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B) warranting appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

## Conclusion

[16] Sturgis has not shown that the trial court abused its sentencing discretion. His sixty-year sentence for Murder is not inappropriate.

[17] Affirmed.

Kirsch, J., and Mathias, J., concur.