## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 10 2020, 10:13 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Office of the Lake County Public
Defender
Appellate Division
Crown Point, Indiana

ATTORNEY FOR APPELLEE

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sherquell Dion Magee, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 10, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-2638 <br><br> Appeal from the <br> Lake Superior Court <br><br> The Honorable <br> Samuel L. Cappas, Judge <br><br> Trial Court Cause No. <br> 45G04-1805-MR-3 |

**Kirsch, Judge.**

[1]     After Sherquell Dion Magee ("Magee"), age seventeen, pleaded guilty to voluntary manslaughter,[1] a Level 2 felony, and a sentence enhancement for use of a firearm,[2] the trial court sentenced him to an aggregate term of forty years, twenty-five years for voluntary manslaughter and a fifteen-year enhancement for Magee's use of a firearm in the commission of his crime. On appeal, Magee raises one issue, which we restate as whether his forty-year aggregate sentence is inappropriate.

[2]     We affirm.

## Facts and Procedural History

[3]     On May 5, 2018, Magee went to Nunez Park in East Chicago, Indiana, with a group of friends, including N.H. A*ppellant's App. Vol. Two* at 78. An eleven-year-old boy, D.A., was also at the park with several of his friends. *Id*. at 78. Shortly after Magee's group arrived, a third group came to the park, which included A.G. *Id*. Approximately twenty-two people were within the immediate vicinity. *State's Ex. 1*; *Tr. Vol. 2* at 53. N.H. and A.G. argued and began to fight. *Appellant's App. Vol. Two* at 78. Magee intervened to help N.H., and Magee and A.G. exchanged punches. *Id*. Magee then reached into his pocket, pulled out a handgun, and pointed the gun at A.G. *Id*. Magee fired one

---

[1] *See* Ind. Code § 35-42-1-3(a)(1).

[2] *See* Ind. Code § 35-50-2-11(d).

shot with the intent to kill A.G. *Id*. The bullet missed A.G. and struck D.A. in the head, killing him. *Id*.

[4] On May 11, 2018, the State charged Magee with murder, attempted murder, and attempted battery by means of a deadly weapon. *Id.* at 17-18. The State amended the charging information several times, ultimately charging Magee with murder, attempted murder, battery by means of a deadly weapon, voluntary manslaughter, and sought a sentencing enhancement for Magee's use of a firearm in the commission of his crime. *Id*. at 72-73.

[5] The parties entered into a plea agreement on August 30, 2019, in which Magee agreed to plead guilty to voluntary manslaughter and the use of a firearm enhancement. *Id*. 74-79. The State agreed to dismiss the remaining counts. *Id*. Sentencing was left to the trial court's discretion, although the parties agreed to a minimum of twenty years on the voluntary manslaughter conviction. *Id*. On August 30, 2019, Magee pleaded guilty, and the trial court accepted the plea. *Tr. Vol. 2* at 11.

[6] The sentencing hearing was held on October 11, 2019. *Appellant's App. Vol. Two* at 110-12; *Tr. Vol. 2* at 17-55. The trial court sentenced Magee to twenty-five years on the voluntary manslaughter charge and enhanced the sentence by fifteen years for the firearm enhancement, yielding an aggregate sentence of forty years. *Appellant's App. Vol. Two* at 110-12. The trial court also ordered that the last two years of the sentence be served in Lake County Community

Corrections. *Id*. at 111. Magee now appeals. We will provide additional facts as necessary.

# Discussion and Decision

Magee argues his forty-year aggregate sentence is inappropriate, primarily focusing on the character prong of appellate sentencing review under Indiana Appellate Rule 7(B). Specifically, Magee contends the sentence is inappropriate because of his youth, his lack of a criminal record, his expressions of remorse, and his agreement to plead guilty. As to the nature-of-offense prong, Magee claims his sentence is inappropriate because D.A., the victim, was struck and killed by a stray bullet.

Under Indiana Appellate Rule 7(B), we may revise a sentence if we find the sentence is inappropriate considering the nature of the offense and the character of the offender. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). The "nature of offense" compares the defendant's actions with the required showing to sustain a conviction under the charged offense, *Cardwell v. State,* 895 N.E.2d 1219, 1224 (Ind. 2008), while the "character of the offender" permits for a broader consideration of the defendant's character. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. Whether a sentence is inappropriate turns on our sense of the defendant's culpability, the severity of the crime, the damage done to others, and other factors that come to light in a given case. *Cardwell*, 895 N.E.2d at 1224.

We consider not only the aggravators and mitigators found by the trial court but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). We defer to the trial court's decision, and our goal is to determine whether the appellant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). When we review a sentence, we seek to leaven the outliers, not to achieve a perceived correct result. *Cardwell*, 895 N.E.2d at 1225.

# I. Character of Offender

Magee correctly observes that it is necessary for appellate courts to "consider an offender's youth and its attendant characteristics," *Brown v. State*, 10 N.E.3d 1, 7 (Ind. 2014), and that juveniles are presumed to be less culpable than adults. *Graham v. Florida*, 560 U.S. 48, 68 (2010). Youth are less culpable because they are less mature and responsible, are more impulsive and reckless, and are more vulnerable to peer pressure. *Id*. They are less culpable also because a youth's character is not well formed, meaning his or her actions are less likely to indicate irretrievable depravity. *Miller v. Alabama*, 567 U.S. 460, 471 (2012). These traits diminish justification for the most severe sentences, even when young offenders commit terrible crimes. *Id*. at 472. Draconian sentences

forswear the rehabilitative ideal and deny hope because character improvement becomes immaterial. *Brown*, 10 N.E.3d at 8. Applying these principles, Magee analogizes his case to *Brown*, in which the Indiana Supreme Court reduced a sixteen-year-old's aggregate sentence of 150 years to an aggregate sentence of eighty years. *Id*.

[11] We reject Magee's argument that his youth makes his sentence inappropriate. Magee's age is the starting point, not ending point, in our analysis. "There are cunning children and there are naïve adults." *Sensback v. State*, 720 N.E.2d 1160, 1164 (Ind. 1999). "[F]ocusing on chronological age, while often a shorthand for measuring culpability, is frequently not the end of the inquiry for people in their teens and early twenties." *Monegan v. State*, 756 N.E.2d 499, 504 (Ind. 2001). "There are both relatively old offenders who seem clueless and relatively young ones who appear hardened and purposeful." *Ellis v. State*, 736 N.E.2d 731, 736 (Ind. 2000). Here, much of Magee's behavior before the incident established that Magee was often able to resist immature, impulsive behavior, and was able to make prudent choices. For instance, even though Magee was frequently bullied, he tried to avoid fights. *Tr. Vol. 2* at 25-26, 30-32. He described himself as someone who "typically walked away from fights" and "did not take risks often." *Appellant's Conf. App. Vol. Two* at 87. He had no desire to join a gang and did not join a gang. *Tr. Vol. 2* at 28, 32. Magee worked construction jobs since he was fifteen, often working two or three days per week, making $70.00 per day. *Appellant's Conf. App. Vol. Two* at 86. While this evidence does not show that Magee was "cunning" and "hardened" – *see*

*Sensback*, 720 N.E.2d at 1164; *Ellis*, 736 N.E.2d at 736 – it does show Magee was capable of resisting impulsive and risky behavior. Therefore, we do not believe that his youth significantly reduces his culpability for his offense.

[12] We also find that the sentence reduction in *Brown* does not support a sentence reduction here. Admittedly, our Supreme Court reduced Brown's sentence partly because Brown was sixteen when he committed his offenses. *Brown*, 10 N.E.3d at 6-8. However, Brown's sentence was reduced for other reasons, including that Brown: 1) was an accomplice, not the principal; 2) gave police a detailed description of the crime; and 3) began using drugs at a very young age. 10 N.E.3d at 4-6. Such mitigating circumstances do not exist here. Most importantly, the Supreme Court reduced Brown's 150-year sentence because such a sentence would forswear the rehabilitative ideal and deny hope. *Id*. at 8. Here, Magee did not receive the maximum potential aggregate sentence of fifty years, which would have consisted of the thirty-year maximum for Level 2 felony voluntary manslaughter[3] and the twenty-year maximum for the firearm enhancement.[4] Further, Magee's forty-year aggregate sentence, though substantial, does not remove hope and forswear the rehabilitative ideal because assuming Magee earns all credit time, he will be released from incarceration in his mid-40s, with the final two years of his sentence to be served in community

---

[3] *See* Ind. Code § 35-50-2-4.5.

[4] *See* Ind. Code § 35-50-2-11(d), (g).

corrections. Accordingly, Magee's forty-year aggregate sentence is not inappropriate considering his age.

[13] Magee argues his sentence is inappropriate considering his character for three additional reasons. First, he contends that his lack of a criminal record reflects well on his character. Magee correctly observes that he has no prior juvenile adjudications, adult convictions, or even arrests. Citing *Bluck v. State*, Magee argues that his lack of a criminal record deserves "substantial mitigating weight." 716 N.E.2d 507, 514 (Ind. Ct. App. 1999). Second, Magee claims his expressions of remorse also reflect well on his character. *See Appellant's Conf. App. Vol. Two* at 84; *Tr. Vol. 2* at 51. Third, he claims his guilty plea shows he accepted responsibility for his offense. *See Francis v. State*, 817 N.E.2d 235, 237-38 (Ind. 2004) ("A guilty plea demonstrates a defendant's acceptance of responsibility for the crime and extends a benefit to the State and to the victim or the victim's family by avoiding a full-blown trial.").

[14] We are not persuaded that these factors are sufficient to find Magee's sentence inappropriate. Magee's lack of criminal record is commendable, but as the State observes, Magee had previously engaged in criminal conduct, even though Magee was not arrested or charged for that conduct. Specifically, Magee would often shoot his gun in the air to disperse crowds, even though he was not old enough to obtain a license to carry a gun. *Tr. Vol. 2* at 31-32; *see* Ind. Code § 35-47-2-3(g)(3). And by possessing the gun, Magee committed dangerous possession of a firearm, a Class A misdemeanor under Indiana Code section 35-47-10-5(a). The fact that Magee had been twice suspended from

school also reflects poorly on his character. *Appellant's Conf. App. Vol. Two* at 86.

[15] Magee's guilty plea also does not make his sentence inappropriate. A guilty plea may not be significantly mitigating when a defendant receives a substantial benefit for the plea. *Reis v. State*, 88 N.E.3d 1099, 1105 (Ind. Ct. App. 2017). Here, Magee received a substantial benefit for his plea because if he had proceeded to trial on just the murder charge and was convicted of that offense, he could have been sentenced to a maximum of sixty-five years[5] and been subjected to a maximum firearm enhancement of twenty years.[6] Because Magee's open guilty plea resulted in an aggregate sentence of forty years, he received a substantial benefit for the plea, so his plea is not a mitigating factor. Finally, to the degree that Magee's remorse reflects well on his character, that is overshadowed by the foregoing factors, which reflect poorly on his character. *See Kunberger v. State*, 46 N.E.3d 966, 974 (Ind. Ct. App. 2015) (defendant's remorse, acceptance of responsibility, and alleged mental health issues are clearly overshadowed by his flagrant violations of the no-contact order).

[16] Accordingly, while we find that Magee's character has some redeeming qualities, Magee has failed to show that his sentence is inappropriate with compelling evidence of "virtuous traits or persistent examples of good

[5] *See* Ind. Code § 35-50-2-3.

[6] *See* Ind. Code § 35-50-2-11(g).

character" to find his sentence inappropriate considering his character. *See Stephenson*, 29 N.E.3d at 112.

## II. Nature of Offense

Magee argues that his sentence is inappropriate considering the nature of his offense because the shooting was neither "brutal" nor "heinous" since D.A. was struck by "a bullet that went astray." *Appellant's Br*. at 12. We reject Magee's effort to minimize the nature of his offense. Magee armed himself with a handgun that he was not old enough to own, needlessly intervened into a fistfight, and escalated the situation by drawing a handgun. *Appellant's App. Vol. Two* at 78. When he aimed and fired the gun, there were twenty-two other people present, mostly juveniles, in the immediate area. *State's Ex. 1; Tr. Vol. 2* at 53. Magee shot eleven-year-old D.A. in the head, resulting in his death. *Appellant's App. Vol. Two* at 78. Accordingly, Magee has not provided compelling evidence that portrays his offense in a less negative light, that is, as an offense accompanied by restraint, regard, and lack of brutality. *See Stephenson*, 29 N.E.3d at 122. Accordingly, Magee has failed to show that his aggregate sentence of forty years is inappropriate considering the nature of his offense, and, likewise, considering his character.

Affirmed.

Najam, J., and Brown, J., concur.